IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LESHAWN C. ROGERS,

                Petitioner,

      vs.

TODD WASMER, Warden of the Tecumseh State Correctional Institution;

                Respondent.

**8:20CV321**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner LeShawn C. Rogers' "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2244" (filing 1) filed on August 10, 2020. Rogers set forth in his petition that he was sentenced on August 23, 2017, in Lancaster County District Court case number CR17-136 to 25 to 30 years' imprisonment for Possession of a Firearm with Felony 2A Drug Violation. Rogers also alleged that he was sentenced on January 25, 2017 in Lancaster County District Court case number CR16-535 for two counts of second degree assault and given consecutive prison terms of 15 to 20 years. Rogers is currently incarcerated in the Tecumseh State Correctional Institution.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general

one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Here, it is apparent that Rogers is challenging his state-court judgment of conviction (or purported lack thereof). The appropriate vehicle for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This order serves as notice to Rogers that the court intends to construe his petition for writ of habeas corpus as one brought pursuant to 28 U.S.C. § 2254. In the alternative, Rogers may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Rogers decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all of his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Rogers decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies. First, Rogers has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, copies of the Form AO 241, Petition for Writ of Habeas

Corpus by a Person in State Custody, will be provided to Rogers along with this order.

Lastly, the court notes that Rogers has challenged two separate judgments from the Lancaster County District Court in his petition. Rogers is free to do this as "a habeas petitioner is not precluded from challenging more than one conviction in a § 2254 petition so long as they arise from the same state court." *Johnson v. Norris*, No. 5:08CV00279 JMM, 2009 WL 88915, at \*3 (E.D. Ark. Jan. 12, 2009); *see* Rule 2(e), Rules Governing § 2254 Cases in United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); Advisory Comm. Notes (this rule permits an attack in a single petition on multiple judgments from the same court). However, Rogers is not required to attack both judgments in the same petition and may file separate petitions attacking each judgment if he desires. *See In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) ("[Rule 2(e)]'s reference to 'a separate petition covering the . . . *judgments* of each court' implies that a petitioner *may* challenge multiple judgments from a single court in a single petition. But neither AEDPA nor Rule 2(e) makes that option mandatory."). Thus, the court will direct the clerk of the court to provide 2 copies of the Form AO 241 to Rogers.

If Rogers elects to file two separate petitions, he should clearly mark one of the petitions with the case number in the present case (8:20CV321) and file the other petition along with the $5.00 filing fee or an application to proceed in forma pauperis which is enclosed with this order.

IT IS THEREFORE ORDERED that:

1.    Rogers must voluntarily withdraw his habeas corpus petition within 30 days if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

3

2.      If Rogers decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he must file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Rogers must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. To this end, the clerk of the court is directed to send to Rogers 2 copies of the Form AO241, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and an application to proceed without prepayment of fees. Any amended petition must be filed by Rogers within 30 days.

3.      If Rogers fails to respond to this order or file an amended petition, the court will construe Rogers' petition as one filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Rogers for the deficiencies described herein.

4.      To avoid confusion, any document Rogers sends to the clerk of the court for filing in this case must clearly display the case number.

5.      The clerk of the court is directed to set the following pro se case management deadline: **September 14, 2020**: check for request to withdraw or amended petition.

Dated this 13th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge